IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:02CR284-1 |
| ) | |
| DAVID LEBRONE ELLISON ) | |

## MEMORANDUM OPINION

This matter is before the Court on a Motion by Defendant David LeBrone Ellison pursuant to 18 U.S.C. § 3582(c) asking the Court to reduce his sentence based on an Amendment to the United States Sentencing Guidelines which lowered the applicable sentencing range in his case. Specifically, Defendant contends that he is entitled to a reduction pursuant to Amendments 706 and 711, which lowered the base offense levels in Guideline § 2D1.1 with respect to cocaine base ("crack") offenses.

Under 18 U.S.C. § 3582(c), the Court may reduce a term of imprisonment after it has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion." 18 U.S.C. § 3582(c)(2). If this provision applies, the Court may reduce the defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, defendants seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c) must establish first that they are eligible for a reduction because they were sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Second, if a defendant is

potentially eligible for a sentence reduction, 18 U.S.C. § 3582(c)(2) further directs that any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission" and must involve consideration of "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2).

In the present case, the Defendant and the Government agree that Defendant's base offense level was calculated pursuant to Guideline § 2D1.1 for cocaine base ("crack"), and that Amendments 706 and 711 lowered the applicable sentencing range in Defendant's case. Thus, Defendant has established as an initial matter that he is potentially eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). However, as noted above, any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). The Sentencing Commission, in Guideline § 1B1.10, has included Amendments 706 and 711 as amendments that may be retroactively applied pursuant to 18 U.S.C. § 3582(c)(2). However, the Sentencing Commission has also noted that in determining whether a sentence reduction is warranted pursuant to 18 U.S.C. § 3582(c)(2), the Court may consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" (i.e., the "public safety considerations") as well as the "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment" (i.e., the "post-sentencing conduct"). See U.S.S.G. § 1B1.10, comment. n.1(B).

In the present case, the Government objects to any reduction in Defendant's sentence, based on public safety considerations. Specifically, the Government contends that prior to his

conviction for the instant offense, Defendant was convicted (1) on August 1, 1994, of discharging a handgun into an occupied vehicle, (2) on January 15, 1997, of misdemeanor assault by pointing a gun, (3) on December 10, 1997, of misdemeanor resisting a public officer, (4) on May 13, 1998, of misdemeanor communicating threats by calling the mother of one of his children and threatening to kill her, (5) on January 13, 1999, of misdemeanor assault on a female, (6) on February 9, 2000, of misdemeanor assault with a deadly weapon (a handgun), and (7) on March 19, 2002 of misdemeanor fleeing/eluding arrest with a motor vehicle. The Government contends that given these prior offenses, Defendant will pose a danger to public safety in the future.

In response, Defendant's counsel notes that all of the cited incidents involve pre-offense conduct that was considered by the Court at the original sentencing in this case, and Defendant was nevertheless sentenced near the bottom of his then-Guideline range. Defendant's counsel further notes that Defendant has not committed any infractions since he has been incarcerated, and that Defendant has completed numerous programs and achievements while he has been incarcerated. Based on this record since he has been incarcerated, Defendant's counsel contends that Defendant is unlikely to pose a threat to public safety in the future.

The Court has considered the information presented and finds that the pre-offense conduct raised by the Government would not preclude a reduction pursuant to the Amended Guidelines. In particular, the Court notes that all of this pre-offense conduct was before the Court at Defendant's original sentencing and was taken into account by the original sentencing Court, which nevertheless sentenced Defendant near the bottom of his then-Guideline range.

3

In addition, the Court has reviewed Defendant's post-sentencing conduct, and notes that Defendant has completed numerous educational courses while he has been incarcerated, has completed his GED, has completed his financial obligations, has received satisfactory work performance ratings, and according to the Bureau of Prisons, works well with his co-workers on his work assignments. Significantly, the Defendant has not committed a single infraction in the over six years that he has been incarcerated. In addition, the Court notes that based on previous motions filed by Defendant, it appears that since he has been incarcerated, Defendant has been providing assistance to the Government in other cases in the Western District of North Carolina, although that assistance has apparently not risen to the level to warrant a motion by the Government pursuant to Rule 35.

Having considered all of these matters, the Court concludes that given all of these circumstances, Defendant's pre-offense conduct does not raise such public safety concerns so as to preclude this Court's consideration of Defendant's request for application of the Amended Guidelines. Therefore, in these circumstances and having reviewed all of the available information, the Court in its discretion has concluded that Defendant's Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) under the Amended Guidelines will be granted. In determining the extent of the reduction, the Court has taken all of this available information into account, and has calculated an appropriate sentence as set out in the Order filed contemporaneously herewith.

This, the 2 day of December, 2009.

_____
United States District Judge